**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE TENTH CIRCUIT**

---

| | |
|---|---|
| IN RE SIGNAL HILL SERVICE, INC., | BAP No. WY-26-003 |
| Debtor. | |
| | |
| SIGNAL HILL SERVICE, INC., | Bankr. No. 24-20439 |
| Appellant, | Chapter 7 |
| v. | |
| CALIFORNIA STATE LANDS COMMISSION and GAYNOR RANCH LLC, | |
| Appellees. | ORDER TO SHOW CAUSE WHY APPEAL SHOULD NOT BE DISMISSED |

---

A review of the documents in this appeal suggests that Appellant may lack standing to appeal. We note this Court can raise standing *sua sponte* because it has an independent obligation to determine its jurisdiction, even in the absence of a challenge from any party. *Collins v. Daniels*, 916 F.3d 1302, 1314 (10th Cir. 2019). Thus, this Court reviews whether an appellant has both Article III standing and prudential "person aggrieved" standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–03 (1998); *In re Alpex Comput. Corp.*, 71 F.3d 353, 357 n.6 (10th Cir. 1995). The Tenth Circuit recognizes that, although the Bankruptcy Code "does not contain an explicit grant or limitation on appellate standing," only a person aggrieved by a bankruptcy court's order may appeal. *In re Am. Ready Mix, Inc.*, 14 F.3d

1497, 1500 (10th Cir. 1994). "That is, only a person whose rights or interests are directly and adversely affected pecuniarily by the decree or order of the bankruptcy court may appeal." *Id.* (quoting *Holmes v. Silver Wings Aviation, Inc.,* 881 F.2d 939, 940 (10th Cir. 1989)). To qualify as a person aggrieved, a party must show the bankruptcy court order at issue diminished their property, increased their burdens, or impaired their rights. *Id.* And, "[u]nless the estate is solvent and excess will eventually go to the debtor, or unless the matter involves rights unique to the debtor (like discharge of debts or exemption of property from the estate), the debtor is not a party aggrieved by orders affecting the administration of the bankruptcy estate." *In re Weston*, 18 F.3d 860, 863–64 (10th Cir. 1994). Appellant has the burden of demonstrating its standing to pursue this appeal. *In re Williams*, 49 F. Appx. 845, 847 (10th Cir. 2002) (unpublished).

Accordingly, it is HEREBY ORDERED that:

(1)    Within fourteen (14) days from the date of this Order, the Appellant shall file with the Court a memorandum of law setting forth the Appellant's position regarding its standing.

(2)    The Appellees' responses, if any, are due seven (7) days from the date of service of the Appellant's memorandum.

(3)    Failure to respond to this Order will result in the dismissal of this appeal for failure to prosecute.

For the Panel:

Anne Zoltani
Clerk of Court